UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AQUINTA H. PALMER                                                        PLAINTIFF

V.                                          CIVIL ACTION NO. 3:22-CV-508-DPJ-FKB

JEREMY JEFFERSON, ET AL.                                             DEFENDANTS

ORDER

Defendant Tyree Jones has filed a motion for judgment on the pleadings as to the claims

against him in his individual capacity in this § 1983 case.  Mot. [10].  As explained below, his

motion is granted.

I.        Facts and Procedural History

This case arises from a July 17, 2021 encounter Plaintiff Aquinta H. Palmer had with

several City of Jackson police officers outside the Vibe nightclub.  In general terms, Palmer

alleges Defendant Officer Jeremy Jefferson roughed her up and handcuffed her, Defendant

Officer Doe Drain tased her, and she was ultimately transported to Hinds County's Raymond

Detention Center (RDC), where she was held for three days.

Her claims against Jones—who is now the Hinds County Sheriff—stem from her

detention at RDC.  She says there was no basis for her detention, during which "she was mug

shot, fingerprinted, booked and given an extensive, invasive cavity search."  Am. Compl. [3]

¶ 45.  She complains further about her detention:

> Plaintiff saw people at the jail whom she knew, causing her great embarrassment
> and permanent damage to her reputation.  The female holding cell was visible
> from the male holding cells, and Plaintiff was subjected to threatening, sexual,
> verbal abuse from the male detainees.  Plaintiff was also subjected to sexual
> advances by the women in the holding cell with her which was very scary for
> Plaintiff.

*Id.*

Palmer alleges that Jones, as Sheriff, "is responsible for setting policies, funding, and supervising county departments, staff, and any entity or individual contracted to perform services in the Hinds County jail system." *Id.* ¶ 9.  She further contends that Jones "was considered the final policy decision maker for Raymond Detention Center (RDC) at the time of the incident described herein" and "was aware of [alleged] constitutional violations against the Plaintiff and either approved or acquiesced to these." *Id.*  She says Jones "knew that [a federal judge had] adjudicated that RDC was deplorable and was a destructive effect on human character" and he conspired "to assist JPD and its officers in violating Plaintiff's civil rights." *Id.* ¶ 74; *accord id.* ¶ 120 ("Jones[] knew that placing Plaintiff in general population in RDC had been ordered unconstitutional in violation of the Eighth Amendment [and was] also aware that no probable cause existed to arrest the Plaintiff.  The very unusual circumstances of dropping Plaintiff at the RDC front door clearly indicates that a call had been made, the 'code of silence' was implemented, and [Jones was] part of the conspiracy.").

Palmer filed this lawsuit against the City of Jackson; the Jackson Police Department; several officers, including John Doe defendants; Hinds County; and Jones on September 1, 2022. She alleges Defendants violated her constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments and engaged in a conspiracy to interfere with her civil rights.  Jones and Hinds County answered the Amended Complaint, then Jones moved for judgment on the pleadings.

II.     Standard

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint

states a valid claim for relief." *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)).  In assessing whether a plaintiff's claim survives a challenge under Rule 12(c), the Court "look[s] to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

III.    Analysis

Jones seeks judgment on the pleadings on Palmer's § 1983 claims against him in his individual capacity based on qualified immunity.  Section 1983 provides a cause of action for a plaintiff who can show "(i) deprivation of a federal right[] by] (ii) action under color of state law." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  Because there is no vicarious liability under § 1983, a plaintiff must show that a defendant's own conduct violated her rights.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *accord Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

Palmer's claims against Jones are premised on the allegation that he was Hinds County Sheriff when she was detained at RDC.  But as Palmer now concedes, Jones was not elected sheriff until November 23, 2021, a fact about which the Court may take judicial notice.  *See* Pl.'s Mem. [15] at 2 (conceding "upon information and belief, that Sheriff Tyree Jones was not the acting Sheriff at the time of the subject incident which forms the basis of Plaintiff's claims in this case"); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Perez v. Perry*, No. 11-CV-360, 2017 WL 962686, at *1 (W.D.

Tex. Mar. 10, 2017) (taking "judicial notice of election returns available on the Texas Secretary of State's website").

So in her response to Jones's motion, Palmer now contends that "Jones was an employee of the Hinds County Sheriff's Department at [the time of her detention] and may have liability as one of the John Doe defendants for some or all of the constitutional violations against [her]." Pl.'s Resp. [14] ¶ 1.  She further notes that "Jones has been described as the late Sheriff Lee Vance's 'right hand man,'" and says that she "is entitled to discovery to further investigate [Jones's] role, if any, in the constitutional deprivations committed by the Hinds County Sheriff's Department."  *Id.*  But these new allegations are not contained within the pleadings and are therefore not properly before the Court on Jones's motion.  Palmer bases her claims against Jones on the allegation that he was the sheriff when she was detained, and the judicially noticed facts have shown otherwise.  The Amended Complaint does not state a valid claim for relief against Jones in his individual capacity.

Nor will the Court grant Palmer's alternative request, contained in her memorandum, to grant her "leave to amend her complaint to clarify Sheriff Jones's alleged role in the constitutional violations."  Pl.'s Mem. [15] at 12.  Under the Court's Local Rules, "[a] response to a motion may not include a counter-motion in the same document.  Any motion must be an item docketed separately from a response."  L.U. Civ. R. 7(b)(3)(C).  Moreover, a party seeking leave to amend must attach "a proposed amended pleading [as] an exhibit to a motion for leave to file the pleading."  *Id.* R. 15.  Palmer's request complies with neither of these rules.  That said, the parties have yet to have a case-management conference; after they do so, the Court will set a deadline for motions to amend the pleadings.  Palmer may file a properly supported motion to amend within the time permitted by the case-management order if she so desires.

IV.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Tyree Jones's Motion for Judgment on the Pleadings [10] is granted.  The individual-capacity claims against him are dismissed.  The parties are directed to contact the chambers of United States Magistrate Judge F. Keith Ball to reset the case for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 30th day of January, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE