**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **AQUINTA H. PALMER** | **PLAINTIFF** |
| | |
| **VS.** | **CIVIL ACTION NO. 3:22-CV-00508-DPJ-ASH** |
| | |
| **JEREMY JEFFERSON,**<br>**Individually and in his official capacity**<br>**as a Jackson Police Officer** | **DEFENDANT** |
| | |
| **JANE DOE,**<br>**Individually and in her official capacity**<br>**as a Jackson Police Officer** | **DEFENDANT** |
| | |
| **OFFICER QUADARIUS DRAIN,**<br>**Individually and in his official capacity**<br>**as a Jackson Police Officer** | **DEFENDANT** |
| | |
| **JACKSON POLICE DEPARTMENT** | **DEFENDANT** |
| | |
| **JAMES DAVIS,**<br>**Individually and in his official capacity**<br>**as Chief of Jackson Police Department** | **DEFENDANT** |
| | |
| **CITY OF JACKSON, MISSISSIPPI** | **DEFENDANT** |
| | |
| **HINDS COUNTY, MISSISSIPPI** | **DEFENDANT** |
| | |
| **TYREE JONES,**<br>**In his official capacity as Sheriff**<br>**of Hinds County, Mississippi** | **DEFENDANT** |
| | |
| **JOHN/JANE DOES NOS. 1-25** | **DEFENDANTS** |

**HINDS COUNTY, MISSISSIPPI, AND TYREE JONES'**
**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Come now, Defendants, Hinds County, Mississippi and Tyree Jones, in his official

capacity as Sheriff of Hinds County, Mississippi, by and through counsel, and in response

to Plaintiff's Second Amended Complaint (*CM/ECF Doc. No. 3*), would show unto the Court as follows:

## FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

## SECOND DEFENSE

Plaintiff's Second Amended Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## THIRD DEFENSE

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FOURTH DEFENSE

Plaintiff asserts claims against Tyree Jones in his official capacity; however, to the extent Plaintiff were to assert claims against him individually, the same are barred by qualified immunity. More specifically, Sheriff Jones would affirmatively aver that the Plaintiff's Second Amended Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, the answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**SIXTH DEFENSE**

Answering defendants deny that they have been guilty of any actionable conduct.

**SEVENTH DEFENSE**

**ADMISSIONS AND DENIALS**

And now without waiving any defenses heretofore or hereinafter set forth, the answering defendants would respond to the Plaintiff's Second Amended Complaint, paragraph by paragraph, as follows:

**INTRODUCTION**

Answering defendants deny the allegations contained in Plaintiff's "Introduction" section of the Second Amended Complaint.

**PARTIES**

1.      Answering defendants admit, upon information and beliefs, the allegations of paragraph 1 of Plaintiff's Second Amended Complaint.

2.      The allegations of paragraph 2 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 2 of Plaintiff's Second Amended Complaint.

3.     The allegations of paragraph 3 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 3 of Plaintiff's Second Amended Complaint, as stated.

4.     The allegations of paragraph 4 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 4 of Plaintiff's Second Amended Complaint, as stated.

5.     The allegations of paragraph 5 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 5 of Plaintiff's Second Amended Complaint, as stated.

6.     The allegations of paragraph 6 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 6 of Plaintiff's Second Amended Complaint, as stated.

7.     The allegations of paragraph 7 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 7 of Plaintiff's Second Amended Complaint, as stated.

8.     Answering defendants admit that Hinds County, Mississippi, is a political subdivision of the State of Mississippi and that it may be served with process pursuant

to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* Answering defendants deny the remaining allegations of paragraph 8 of Plaintiff's Second Amended Complaint.

9.      Answering defendants admit Tyree Jones is the current duly elected Sheriff of Hinds County, Mississippi, and that he may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* Answering defendants deny the remaining allegations of paragraph 9 of Plaintiff's Second Amended Complaint, as stated.

10.      The allegations of paragraph 10 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 10 of Plaintiff's Second Amended Complaint.

11.      Answering defendants deny the allegations of paragraph 11 of Plaintiff's Second Amended Complaint.

12.      Answering defendants deny the allegations of paragraph 12 of Plaintiff's Second Amended Complaint.

13.      Answering defendants deny the allegations of paragraph 13 of Plaintiff's Second Amended Complaint.

## JURISDICTION AND VENUE

14.      Without waiving any defenses, restrictions, limitations or immunities, answering defendants admit that this Court has jurisdiction over this matter as Plaintiff

asserts a federal claim. Answering defendants deny the remaining allegations of paragraph 14 of Plaintiff's Second Amended Complaint.

15.     Without waiving any defenses, restrictions, limitations or immunities, answering defendants admit that this Court has venue over this matter. Answering defendants deny the remaining allegations of paragraph 15 of Plaintiff's Second Amended Complaint.

16.     Answering defendants deny the allegations of paragraph 16 of Plaintiff's Second Amended Complaint, as stated.

## PRELUDE

17.     Answering defendants admit the United States brought action against Hinds County pertaining to the Raymond Detention Center and would state the documents in connection with the same speak for themselves. Answering defendants deny the remaining allegations of paragraph 17 of Plaintiff's Second Amended Complaint, including subparagraphs (A)-(Q), as stated.

18.     The allegations of paragraph 18 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 18 of Plaintiff's Second Amended Complaint, including subparagraphs (A)-(D), as stated.

19.     The allegations of paragraph 19 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the

extent a response is deemed necessary, answering defendants deny the allegations of paragraph 19 of Plaintiff's Second Amended Complaint.

20.     Answering defendants admit the County entered into a Consent Decree and would further state that Decree and related orders related speak for themselves. Answering defendants deny the remaining allegations of paragraph 20 of Plaintiff's Second Amended Complaint, as stated.

21.     Answering defendants admit the United States filed a Motion for Order to Show Cause. Answering defendants deny the remaining allegations of paragraph 21 of Plaintiff's Second Amended Complaint, as stated.

22.     Answering defendants admit on January 16, 2020, the parties entered a joint Motion for Settlement approved by the Court. Answering defendants deny the remaining allegations of paragraph 22 of Plaintiff's Second Amended Complaint, as stated.

23.     Answering defendants admit Judge Reeves issued an Order to Show Cause on November 23, 2021. The Order speaks for itself. Answering defendants deny the remaining allegations of paragraph 23 of Plaintiff's Second Amended Complaint, as stated.

24.     Answering defendants admit Judge Reeves issued a First Order of Contempt on February 4, 2022. The Order speaks for itself. Answering defendants deny the remaining allegations of paragraph 24 of Plaintiff's Second Amended Complaint, as stated.

25.     Answering defendants admit that Judge Reeves entered a Second Order of Contempt on March 23, 2022. The Order speaks for itself.  Answering defendants deny

the remaining allegations of paragraph 25 of Plaintiff's Second Amended Complaint, as stated.

26.     Answering defendants deny the allegations of paragraph 26 of Plaintiff's Second Amended Complaint.

## GENERAL FACTS

27.     The allegations of paragraph 27 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 27 of Plaintiff's Second Amended Complaint.

28.     The allegations of paragraph 28 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 28 of Plaintiff's Second Amended Complaint.

29.     The allegations of paragraph 29 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 29 of Plaintiff's Second Amended Complaint.

30.     The allegations of paragraph 30 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 30 of Plaintiff's Second Amended Complaint.

31.     The allegations of paragraph 31 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 31 of Plaintiff's Second Amended Complaint.

32.     The allegations of paragraph 32 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 32 of Plaintiff's Second Amended Complaint.

33.     The allegations of paragraph 33 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 33 of Plaintiff's Second Amended Complaint.

34.     The allegations of paragraph 34 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 34 of Plaintiff's Second Amended Complaint.

35.     The allegations of paragraph 35 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 35 of Plaintiff's Second Amended Complaint.

36.     The allegations of paragraph 36 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the

extent a response is deemed necessary, answering defendants deny the allegations of paragraph 36 of Plaintiff's Second Amended Complaint.

37.     The allegations of paragraph 37 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 37 of Plaintiff's Second Amended Complaint.

38.     The allegations of paragraph 38 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 38 of Plaintiff's Second Amended Complaint.

39.     The allegations of paragraph 39 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 39 of Plaintiff's Second Amended Complaint.

40.     The allegations of paragraph 40 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 40 of Plaintiff's Second Amended Complaint.

41.     The allegations of paragraph 41 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 41 of Plaintiff's Second Amended Complaint.

42.     The allegations of paragraph 42 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 42 of Plaintiff's Second Amended Complaint.

43.     The allegations of paragraph 43 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 43 of Plaintiff's Second Amended Complaint.

44.     The allegations of paragraph 44 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 44 of Plaintiff's Second Amended Complaint.

45.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 45 of Plaintiff's Second Amended Complaint and, as such, deny the same.

46.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 46 of Plaintiff's Second Amended Complaint and, as such, deny the same.

47.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 47 of Plaintiff's Second Amended Complaint and, as such, deny the same.

## CAUSES OF ACTIONS

### COUNT 1
(42 U.S.C. §1983)
FIRST AND FOURTEENTH AMENDMENTS
RETALIATORY DETENTION AND ARREST
OFFICER JEREMY JEFFERSON, OFFICER JANE DOE,
OFFICER QUADARIUS DRAIN, & DOES 1-25

48.	Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-47 as if the same were specifically set out herein.

49.	The allegations of paragraph 49 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 49 of Plaintiff's Second Amended Complaint.

50.	The allegations of paragraph 50 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 50 of Plaintiff's Second Amended Complaint.

51.	The allegations of paragraph 51 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 51 of Plaintiff's Second Amended Complaint.

52.	The allegations of paragraph 52 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the

extent a response is deemed necessary, answering defendants deny the allegations of paragraph 52 of Plaintiff's Second Amended Complaint.

53.     The allegations of paragraph 53 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 53 of Plaintiff's Second Amended Complaint.

54.     The allegations of paragraph 54 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 54 of Plaintiff's Second Amended Complaint.

<u>**COUNT II**</u>
(42 U.S.C. §1983)
UNLAWFUL SEARCH AND SEIZURE, UNLAWFUL ARREST WITHOUT
PROBABLE CAUSE OR DUE PROCESS OF LAW, & CRUEL AND
UNUSUAL PUNISHMENT IN VIOLATION OF FOURTH, FIFTH, EIGHTH, &
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
DEFENDANTS:  CHIEF DAVIS, OFFICER JEREMY JEFFERSON, OFFICER
JANE DOE, OFFICER QUADARIUS DRAIN, & JOHN/JANE DOES 1-25

55.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-54 as if the same were specifically set out herein.

56.     The allegations of paragraph 56 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 56 of Plaintiff's Second Amended Complaint.

57.     The allegations of paragraph 57 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 57 of Plaintiff's Second Amended Complaint.

58.     The allegations of paragraph 58 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 58 of Plaintiff's Second Amended Complaint.

59.     The allegations of paragraph 59 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 59 of Plaintiff's Second Amended Complaint.

60.     The allegations of paragraph 60 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 60 of Plaintiff's Second Amended Complaint.

## COUNT III
(42 U.S.C. §1983)
### FALSE ARREST/FALSE IMPRISONMENT
IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH, FIFTH,
& FOURTEENTH AMENDMENTS TO THE UNITES STATES CONSTITUTION
DEFENDANTS: CHIEF DAVIS, OFFICER JEREMY JEFFERSON,
OFFICER QUADARIUS DRAIN, & JOHN/JANE DOES 1-25

61.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-60 as if the same were specifically set out herein.

62.     The allegations of paragraph 62 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 62 of Plaintiff's Second Amended Complaint.

63.     The allegations of paragraph 63 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 63 of Plaintiff's Second Amended Complaint.

64.     The allegations of paragraph 64 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 64 of Plaintiff's Second Amended Complaint.

65.     The allegations of paragraph 65 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the

extent a response is deemed necessary, answering defendants deny the allegations of paragraph 65 of Plaintiff's Second Amended Complaint.

66. The allegations of paragraph 66 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 66 of Plaintiff's Second Amended Complaint.

**COUNT IV**
(42 U.S.C. §1983)
UNLAWFUL DETENTION IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH, FIFTH, EIGHTH, & FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
DEFENDANTS: CHIEF DAVIS, OFFICER JEREMY JEFFERSON, OFFICERS OFFICER JANE DOE, OFFICER QUADARIUS DAIN, JOHN/JANE DOES 1-25, SHERIFF TYREE JONES, & HINDS COUNTY, MISSISSIPPI, CHIEF JAMES DAVIS, JACKSON POLICE DEPARTMENT

67. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-66 as if the same were specifically set out herein.

68. Answering defendants deny the allegations of paragraph 68 of Plaintiff's Second Amended Complaint as they pertain to them.

69. The allegations of paragraph 69 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 69 of Plaintiff's Second Amended Complaint.

70. Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 70 of Plaintiff's Second Amended Complaint and, as such, deny the same.

71. Answering defendants deny the allegations of paragraph 71 of Plaintiff's Second Amended Complaint as they pertain to them.

72. The allegations of paragraph 72 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 72 of Plaintiff's Second Amended Complaint.

73. The allegations of paragraph 73 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 73 of Plaintiff's Second Amended Complaint.

74. Answering defendants deny the allegations of paragraph 74 of Plaintiff's Second Amended Complaint.

75. Answering defendants deny the allegations of paragraph 75 of Plaintiff's Second Amended Complaint.

76. Answering defendants deny the allegations of paragraph 76 of Plaintiff's Second Amended Complaint.

## COUNT V
### EXCESSIVE FORCE, UNREASONABLE SEARCH AND SEIZURE
### & CRUEL AND UNUSUAL PUNISHMENT
### IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH, FIFTH, EIGHTH, & FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
### DEFENDANTS: OFFICER JEREMY JEFFERSON, OFFICER QUADARIUS DRAIN, OFFICER JANE DOE,
### OFFICERS JOHN/JANE DOES 1-25, SHERIFF TYREE JONES, & HINDS COUNTY, MISSISSIPPI

77. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-76 as if the same were specifically set out herein.

78. Answering defendants would state that the Fourth Amendment speaks for itself. Answering defendants deny the remaining allegations of paragraph 78 of Plaintiff's Second Amended Complaint.

79. The allegations of paragraph 79 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 79 of Plaintiff's Second Amended Complaint.

80. The allegations of paragraph 80 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 80 of Plaintiff's Second Amended Complaint.

81. Answering defendants deny the allegations of paragraph 81 of Plaintiff's Second Amended Complaint.

## COUNT VI
### (42 U.S.C. §1983)
DUE PROCESS AND EQUAL PROTECTION
IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH, FIFTH,
EIGHTH, & FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION
DEFENDANTS: CHIEF JAMES DAVIS, OFFICER JEREMY JEFFERSON,
OFFICER QUADARIUS DRAIN AND OFFICERS JOHN/JANE DOES 1-25

82. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-81 as if the same were specifically set out herein.

83. The allegations of paragraph 83 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 83 of Plaintiff's Second Amended Complaint.

84. The allegations of paragraph 84 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 84 of Plaintiff's Second Amended Complaint.

85. The allegations of paragraph 85 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 85 of Plaintiff's Second Amended Complaint.

86. The allegations of paragraph 86 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the

extent a response is deemed necessary, answering defendants deny the allegations of paragraph 86 of Plaintiff's Second Amended Complaint.

87.     The allegations of paragraph 87 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 87 of Plaintiff's Second Amended Complaint.

88.     The allegations of paragraph 88 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 88 of Plaintiff's Second Amended Complaint.

## COUNT VII
### (42 U.S.C. §1983)

MUNICIPAL LIABILITY, FAILURE TO TRAIN, CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS, & CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH, FIFTH, EIGHTH, & FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION DEFENDANTS:  CITY OF JACKSON, JACKSON POLICE DEPARTMENT, CHIEF DAVIS, OFFICER JEREMY JEFFERSON, OFFICER QUADARIUS DRAIN, OFFICER JANE DOE, & OFFICERS JOHN/JANE DOES 1-25

89.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-88 as if the same were specifically set out herein.

90.     The allegations of paragraph 90 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the

extent a response is deemed necessary, answering defendants deny the allegations of paragraph 90 of Plaintiff's Second Amended Complaint.

91. The allegations of paragraph 91 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 91 of Plaintiff's Second Amended Complaint.

92. The allegations of paragraph 92 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 92 of Plaintiff's Second Amended Complaint.

93. The allegations of paragraph 93 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 93 of Plaintiff's Second Amended Complaint.

94. The allegations of paragraph 94 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 94 of Plaintiff's Second Amended Complaint.

95. The allegations of paragraph 95 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 95 of Plaintiff's Second Amended Complaint.

96.     The allegations of paragraph 96 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 96 of Plaintiff's Second Amended Complaint.

97.     The allegations of paragraph 97 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 97 of Plaintiff's Second Amended Complaint.

98.     The allegations of paragraph 98 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 98 of Plaintiff's Second Amended Complaint.

99.     The allegations of paragraph 99 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 99 of Plaintiff's Second Amended Complaint.

100.     The allegations of paragraph 100 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 100 of Plaintiff's Second Amended Complaint.

101.     The allegations of paragraph 101 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the

extent a response is deemed necessary, answering defendants deny the allegations of paragraph 101 of Plaintiff's Second Amended Complaint.

102. The allegations of paragraph 102 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 102 of Plaintiff's Second Amended Complaint.

103. The allegations of paragraph 103 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 103 of Plaintiff's Second Amended Complaint.

104. The allegations of paragraph 104 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 104 of Plaintiff's Second Amended Complaint.

105. The allegations of paragraph 105 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 105 of Plaintiff's Second Amended Complaint.

106. The allegations of paragraph 106 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 106 of Plaintiff's Second Amended Complaint.

107.     The allegations of paragraph 107 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 107 of Plaintiff's Second Amended Complaint.

108.     The allegations of paragraph 108 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 108 of Plaintiff's Second Amended Complaint.

109.     The allegations of paragraph 109 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 109 of Plaintiff's Second Amended Complaint.

110.     The allegations of paragraph 110 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 110 of Plaintiff's Second Amended Complaint.

111.     The allegations of paragraph 111 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 111 of Plaintiff's Second Amended Complaint.

## COUNT VIII
(42 U.S.C. §1985) (2), (3)
(42 U.S.C. §1986)
CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS, FAILURE TO INTERVENE, & CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH, FIFTH, EIGHTH, & FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION DEFENDANTS: CITY OF JACKSON, MISSISSIPPI, JACKSON POLICE DEPARTMENT, CHIEF DAVIS, OFFICER JEREMY JEFFERSON, OFFICER QUADARIUS DRAIN, OFFICER JANE DOE, OFFICERS JOHN/JANE DOES 1-25, SHERIFF TYREE JONES, & HINDS COUNTY, MISSISSIPPI

112.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-111 as if the same were specifically set out herein.

113.     Answering defendants deny the allegations of paragraph 113 of Plaintiff's Second Amended Complaint as they pertain to them.

114.     The allegations of paragraph 114 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 114 of Plaintiff's Second Amended Complaint.

115.     The allegations of paragraph 115 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 115 of Plaintiff's Second Amended Complaint.

116.     Answering defendants deny the allegations of paragraph 116 of Plaintiff's Second Amended Complaint as they pertain to them.

117.    Answering defendants deny the allegations of paragraph 117 of Plaintiff's Second Amended Complaint as they pertain to them.

118.    The allegations of paragraph 118 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 118 of Plaintiff's Second Amended Complaint.

119.    The allegations of paragraph 119 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary.  To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 119 of Plaintiff's Second Amended Complaint.

120.    Answering defendants deny the allegations of paragraph 120 of Plaintiff's Second Amended Complaint.

121.    Answering defendants deny the allegations of paragraph 121 of Plaintiff's Second Amended Complaint.

122.    Answering defendants deny the allegations of paragraph 122 of Plaintiff's Second Amended Complaint.

(42 U.S.C. §1983)
MALICIOUS PROSECUTION & DENIAL OF TIMELY JUDICIAL
DETERMINATION
IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH,
FIFTH, SIXTH,
EIGHTH, & FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION
DEFENDANTS: CITY OF JACKSON, MISSISSIPPI, JACKSON POLICE
DEPARTMENT,
CHIEF DAVIS, OFFICER JEREMY JEFFERSON, OFFICER QUADARIUS DRAIN,
OFFICER JANE DOE,
OFFICERS JOHN/JANE DOE 1-25, SHERIFF TYREE JONES, & HINDS
COUNTY, MISSISSIPPI

123.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-122 as if the same were specifically set out herein.

124.    Answering defendants deny the allegations of paragraph 124 of Plaintiff's Second Amended Complaint.

125.    Answering defendants deny the allegations of paragraph 125 of Plaintiff's Second Amended Complaint.

126.    Answering defendants deny the allegations of paragraph 126 of Plaintiff's Second Amended Complaint.

127.    Answering defendants deny the allegations of paragraph 127 of Plaintiff's Second Amended Complaint.

128.    Answering defendants deny the allegations of paragraph 128 of Plaintiff's Second Amended Complaint.

129.     Answering defendants deny the allegations of paragraph 129 of Plaintiff's Second Amended Complaint.

130.     Answering defendants deny the allegations of paragraph 130 of Plaintiff's Second Amended Complaint.

131.     Answering defendants deny the allegations of paragraph 131 of Plaintiff's Second Amended Complaint.

### COUNT X
(42 U.S.C. §1983)
PUNITIVE DAMAGES
DEFENDANTS:  ALL DEFENDANTS

132.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-131 as if the same were specifically set out herein.

133.     Answering defendants deny the allegations of paragraph 133 of Plaintiff's Second Amended Complaint.

134.     Answering defendants deny the allegations of paragraph 134 of Plaintiff's Second Amended Complaint.

135.     Answering defendants deny the allegations of paragraph 135 of Plaintiff's Second Amended Complaint.

136.     Answering defendants deny the allegations of paragraph 136 of Plaintiff's Second Amended Complaint.

137.     Answering defendants deny the allegations of paragraph 137 of Plaintiff's Second Amended Complaint.

138.    Answering defendants deny the allegations of paragraph 138 of Plaintiff's Second Amended Complaint.

139.    Answering defendants deny the allegations of paragraph 139 of Plaintiff's Second Amended Complaint.

140.    Answering defendants deny the allegations of paragraph 140 of Plaintiff's Second Amended Complaint.

141.    Answering defendants deny the allegations of paragraph 141 of Plaintiff's Second Amended Complaint.

142.    Answering defendants deny the allegations of paragraph 142 of Plaintiff's Second Amended Complaint.

143.    Answering defendants deny the allegations of paragraph 143 of Plaintiff's Second Amended Complaint.

## INJURIES & DAMAGES

144.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-143 as if the same were specifically set out herein.

145.    Answering defendants deny the allegations of paragraph 145 of Plaintiff's Second Amended Complaint, including subparagraphs (A)-(M).

## PRAYER FOR RELIEF

As for the last unnumbered paragraph which commences "Wherefore, Plaintiff, Aquinta H. Palmer, respectfully requests . . .," answering defendants deny each and every

allegation contained therein, including subparagraphs (A)-(F), and would affirmativelyy aver Plaintiff is not entitled to any recovery whatsoever.

## EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants aver that they have met or exceeded the requirements of law and due care and that it is guilty of no acts or omissions which either caused or contributed to the incidents in question.

## TENTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendant.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

### TWELFTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## THIRTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## FOURTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Second Amended Complaint, the answering defendants request that the same be dismissed and discharged with costs assessed against the Plaintiff.

**DATE:**       **April 11, 2024.**

Respectfully submitted,

**HINDS COUNTY, MISSISSIPPI, AND TYREE JONES, IN HIS OFFICIAL CAPACITY AS SHERIFF OF HINDS COUNTY, MISSISSIPPI**

By:      */s/William R. Allen*
         One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. (601) 833-4361
Fax (601) 833-6647
wallen@aabalegal.com
kriley@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Second Amended Complaint with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

> Robert S. Addison
> robert@thompsonaddison.com
> Matthew Thompson
> matthew@thompsonaddison.com
> Michael Kelly
> michael@thompsonaddison.com
> William C. Coon
> william@thompsonaddison.com
> THOMPSON ADDISON, PLLC
> 2060 Main Street
> Madison, MS  39110
> *Attorneys for Plaintiff*
>
> Drew McLemore Martin, Esq.
> Drew Martin, Attorney, PLLC
> 451 Northpark Drive, Suite C
> Ridgeland, MS 39157
> drew@justicems.com
> *Attorney for Jeremy Jefferson, Jackson Police Department, James Davis, and City of Jackson, Mississippi*

This the 11th day of April, 2024.

/s/*William R. Allen*
OF COUNSEL