IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AQUINTA H. PALMER                                                    PLAINTIFF

V.                                            CAUSE NO.: 3:22-cv-508-DPJ-ASH

JEREMY JEFFERSON,
Individually and in his official capacity
as a Jackson Police Officer                                         DEFENDANT

JANE DOE
Individually and in her official capacity
as a Jackson Police Officer                                         DEFENDANT

OFFICER QUADARIUS DRAIN,
Individually and in his official capacity
as a Jackson Police Officer                                         DEFENDANT

JACKSON POLICE DEPARTMENT                                           DEFENDANT

JAMES DAVIS,
Individually and in his official capacity
As Chief of Jackson Police Department                               DEFENDANT

CITY OF JACKSON, MISSISSIPPI                                        DEFENDANT

HINDS COUNTY, MISSISSIPPI                                           DEFENDANT

TYREE JONES
Individually and in his official capacity
as Sheriff of Hinds County, Mississippi                             DEFENDANT

JOHN/JANE DOES NOS. 1 – 25                                          DEFENDANTS

---

CITY OF JACKSON, MISSISSIPPI DEFENDANTS
ANSWER AND AFFIRMATIVE DEFENSES

---

**COMES NOW**, the City of Jackson, Mississippi, Chief James Davis, Officer Jeremy

1

Jefferson, Officer Quadarius Draine, in their official and individual capacities, by and through counsel, and pursuant to the Federal Rules of Civil Procedure and other applicable authority, and file this Answer and Affirmative Defenses in response to *Plaintiff's Second Amended Complaint*, and answers or otherwise responds as follow:

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The City has not breached any duty owed to the Plaintiffs, whether contractual, common law, state, or federal statutory law under any of the counts alleged in this Complaint by the Plaintiffs.

### Second Affirmative Defense

The City gives notice that it intends to rely upon such remaining affirmative defenses as may become available or apparent during the course of discovery; thus, the City reserves the right to amend its answer to assert any such defense.

### Third Affirmative Defense

The City reserves all statutory and/or indemnity rights it may have against all others who may have standing in this case or have information or liability whether parties to this action now or become parties pursuant to the Rules of Civil Procedure both state and federal if necessary and/or non-parties.

### Fourth Affirmative Defense

Defendants deny that any of its actions and/or omissions caused Plaintiff's harm or special harm for which Plaintiff seeks to impose liability upon it, whether expressly denied herein or not in *Plaintiff's Second Amended Complaint*.

**Fifth Affirmative Defense**

At all times and as to all matters material to the *Plaintiff's Second Amended Complaint*, the City and its employees, agents, and remaining servants acted reasonably and in accordance with all applicable laws.

**Sixth Affirmative Defense**

Plaintiff's claims, if any, against the City that may be alleged to have possibly arisen from judicial/administrative inaction of the City, are prohibited by statute, where said allegations claim that City employees were acting within the scope of its employment for the City.

**Seventh Affirmative Defense**

The actions of the City regarding the Plaintiff were conducted in good faith.

**Eighth Affirmative Defense**

The City has no customs, practices, or policies that caused or contributed to the alleged deprivations, injuries, and/or damages, if any, suffered by the Plaintiff.

**Ninth Affirmative Defense**

Defendants affirmatively pleads assumption of risk as a bar to *Plaintiff's Second Amended Complaint*.

**Tenth Affirmative Defense**

The sole proximate and/or contributing causes of Plaintiff's damages, if any, were not caused or contributed to by any act or omission of the City, but such damages, if any, were caused and/or contributed to by the acts and/or omissions of others for which the City cannot be held liable.

**Eleventh Affirmative Defense**

Any damages sustained by Plaintiff was solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons,

entities or events with respect to which the City had neither control, right to control, duty to control nor any other legal relationship whatsoever.

## Twelfth Affirmative Defense

Without waiving any other affirmative defense, the City affirmatively pleads and alleges that it is not responsible for the intentional acts, if any, by any agents, representatives or employees of the City or any other Defendant toward Plaintiff and that any alleged intentional acts of any agent, representative or employee of the City and/or any other Defendant, if any, were not reasonably foreseeable by the City.

## Thirteenth Affirmative Defense

Plaintiff has not complied with all jurisdictional prerequisites to suit.

## Fourteenth Affirmative Defense

All of Plaintiff's claims against the City are barred by Miss. Code Ann. §11-46-1 *et seq.* (the Mississippi Tort Claims Act, hereinafter referred to as "MTCA").

## Fifteenth Affirmative Defense

Plaintiff's claims against the City are prohibited by prevailing Federal and State Law and all other applicable defenses as are alleged to have arisen out of the acts, practices, policies or procedures, or omissions of a government entity.

## Sixteenth Affirmative Defense

Defendants assert the defenses of sovereign immunity, qualified immunity, and any other immunity available under federal or state law.

## Seventeenth Affirmative Defense

The City asserts any and all other defenses available to them under Miss. Code Ann. § 85-5-7 and § 11-1-65.

4

### Eighteenth Affirmative Defense

Plaintiff failed to mitigate her damages.

### Nineteenth Affirmative Defense

Plaintiff's claims against the Defendants are prohibited by statute because they have not arisen from alleged failures of the Defendants and its employees to execute or perform a statute, ordinance, or regulation.

### Twentieth Affirmative Defense

At all material times, the City and its employees, agents, and servants used the degree of care required of them under the law and are not liable in damages to Plaintiff.

### Twenty-First Affirmative Defense

Plaintiff's claims are specifically barred by Miss. Code Ann. §11-46-9(1) (b).

### Twenty-Second Affirmative Defense

Plaintiff's claims are specifically barred by Miss. Code Ann. §11-46-9(1) (c) and Miss. Code Ann. §11-46-9(1)(f).

### Twenty-Third Affirmative Defense

Plaintiff's claims of any allegations based on the Defendants exercise or performance or the failure to exercise or perform a discretionary function or duty are prohibited pursuant to MTCA § 11-46-9 (1) (d).

### Twenty-Fourth Affirmative Defense

Defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

### Twenty-Fifth Affirmative Defense

Any allegation(s) of capacity, fraud, mistake, and conspiracy, condition of mind, official document or act, judgment, and/or special damages as required by Rule 9 of the Federal Rules of Civil Procedure is barred because Plaintiff fails to properly plead.

### Twenty-Sixth Affirmative Defense

Defendants assert any and all other affirmative defenses to which they may be entitled, including indemnification, contributory negligence, comparative negligence, estoppel, fraud, illegality, release, res judicata, collateral estoppel, statute of frauds and waiver.

### Twenty-Seventh Affirmative Defense

Defendants assert all rights of credit, set off and/or contribution that they may have pursuant to the laws of the State of Mississippi.

### Twenty-Eighth Affirmative Defense

The actions or inactions on the part of Plaintiff were the sole, proximate cause of the incident complained of and the alleged damages sustained by Plaintiff if any.

### Twenty-Ninth Affirmative Defense

An award of compensatory damages, pre-judgment and post-judgment interest, attorney's fees, costs of suit and for such other and further relief against the Defendants are statutorily barred and/or not warranted in this case, pursuant to Mississippi Law, Miss. Code Ann. §11-46-15 in particular.

### Thirtieth Affirmative Defense

Defendants deny each and every allegation in which Plaintiff seek to impose liability upon them, whether expressly denied herein or not. Defendants plead each defense allowed by 8(c) and 12(b) of the Federal Rules of Civil Procedure.

### Thirty-First Affirmative Defense

The *Plaintiff's Second Amended Complaint* is barred by the applicable statute of limitations and should therefore be dismissed with prejudice with all costs assessed against the Plaintiff.

### Thirty-Second Affirmative Defense

The Plaintiff is not entitled to recover punitive damages pursuant to 42 U.S.C. § 1983 or official capacity theory against the Defendants, as recovery of such damages against the City, a political subdivision and/or municipality, is prohibited.

### Thirty-Third Affirmative Defense

*Plaintiff's Second Amended Complaint* is barred by the doctrine of waiver, estoppel, res judicata, contributory negligence, collateral estoppel, and/or abuse of process and should therefore be dismissed with prejudice with all costs assessed against Plaintiff.

### Thirty-Fourth Affirmative Defense

The Plaintiff's claim for punitive damages is barred by Miss. Code Ann. § 11-46-15(2).

### Thirty-Fifth Affirmative Defense

The plaintiffs' claims of negligence, gross negligence, and/or wanton failure in hiring and/or to monitor, train and supervise police officers of the City of Jackson are barred by Miss. Code Ann. §11-46-7(1), and specifically by Mississippi case law precedence of *City of Jackson v. Powell*, 917 So. 2d 59 (Miss. 2005) and *City of Laurel, Mississippi v. Clyde Williams, et al.,* 2009 WL 3857559 (Miss. Nov. 19, 2009).[1]

---

[1] Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference. The plaintiff must generally demonstrate "at least a pattern of similar violations" *Gerald Burge v. St. Tammany Parish*, 336 F. 3d 363, 370 (5th Cir. 2003) quoting *Thompson v Upshur County*, 245 F. 3d 447, 459 (5th Cir. 2001). Furthermore, the inadequacy of training must be obvious and "obviously likely to result in a constitutional violation". *Id.*

### Thirty-Sixth Affirmative Defense

The Plaintiff's claim of intentional and/or negligent infliction of emotional distress are specifically barred by Miss. Code Ann. §11-46-9(c).

### Thirty-Seventh Affirmative Defense

The City cannot be held liable to Plaintiff under the doctrine of *respondeat superior* pursuant to 42 U.S.C.A. § 1983 for any alleged acts or omissions of employees of the City. As a result, Plaintiff's claims for negligence, gross negligence, and/or *respondeat superior* liability against the City of Jackson is barred by the MTCA, supra, and *Monell v. New York City Dep't of Soc. Servs.*, 463 U.S. 658 (1978)[2].

### Thirty-Eighth Affirmative Defense

Defendants affirmatively plead that Plaintiffs' claims under the Fourth Amendment, are barred, as the totality of the circumstances and/or events as set forth in *Plaintiff's Second Amended Complaint*, do not show that any particular use of force, by the City or any other Defendant, was clearly unreasonable or clearly excessive. As a result, any of Plaintiff's claims against the City made pursuant to the Fourth Amendment must be dismissed.  See *Ramirez v. Knoulton*, 542 F. 3d 124, 128 (5th Cir. 2008).

### Thirty-Ninth Affirmative Defense

Plaintiff's claims, if any, contained in *Plaintiff's Second Amended Complaint* have been abandoned and are barred as Plaintiff failed to establish a § 1983 cause of action based upon conspiracy, and does not allege any facts that, liberally construed, establish (1) defendants' participation in a conspiracy involving state action, and (2) a deprivation of his civil rights in furtherance of the conspiracy by a party to the conspiracy.

---

[2] *Monell* clearly rejects government liability based on the doctrine of *respondeat superior*, and a government body such as the City cannot be held liable under § 1983 merely because the City employs the alleged tortfeasor.

### Fortieth Affirmative Defense

Officer Jeremy Jefferson is entitled to qualified immunity. Plaintiff's Second Amended Complaint fails to allege a violation of a clearly established constitutional right and his conduct was objectively reasonable.

### Forty-First Affirmative Defense

Officer Quadarius Draine is entitled to qualified immunity as Plaintiff's Second Amended Complaint fails to allege a violation of a clearly established constitutional right and his conduct was objectively reasonable.

### Forty-Second Affirmative Defense

Chief James Davis is entitled to qualified immunity as Plaintiff's Second Amended Complaint fails to allege a violation of a clearly established constitutional right and his conduct was objectively reasonable.

### ANSWER

And now, without waiving any of the defenses contained herein, the Defendants respond to the allegations contained in *Plaintiff's Second Amended Complaint*, paragraph by paragraph, as follows:

The first unnumbered paragraph appears introductory in nature, and therefore does not require a response.  To the extent that this introductory, unnumbered paragraph seeks to impose liability on the Defendants, however, the Defendants would deny the same and demand strict proof thereof.

### INTRODUCTION

Defendants deny all allegations contained in the second unnumbered paragraph entitled "Introduction" contained in Plaintiff's Second Amended Complaint.

## PARTIES

1.      Defendants admit, upon information and belief, the allegations contained in Paragraph 1 of the Second Amended Complaint.

2.      Defendants admit that Officer Jeremy Jefferson was employed by the Jackson Police Department, but deny the remaining the allegations contained in Paragraph 2 of the Second Amended Complaint.

3.      The allegations contained in Paragraph 3 of the Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny the allegations contained in Paragraph 3 of the Second Amended Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of the Second Amended Complaint.

5.      Defendants admit that Officer Quadarius Drain was employed by the Jackson Police Department, but deny the remaining the allegations contained in Paragraph 4 of the Second Amended Complaint.

6.      Defendants admit James Davis is the former Chief of the Jackson Police Department, and that he may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq. Defendants deny the remaining allegations of paragraph 5 of Plaintiff's Second Amended Complaint, as stated.

7.      Defendants admit that the City of Jackson is a political subdivision of the State of Mississippi and that it may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure and the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq. Answering defendants deny the remaining allegations of paragraph 7 of Plaintiff's Second Amended Complaint.

8.      The allegations contained in Paragraph 8 of the Second Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny the allegations contained in Paragraph 8 of the Second Amended Complaint.

9.      The allegations contained in Paragraph 9 of the Second Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny the allegations contained in Paragraph 9 of the Second Amended Complaint.

10.     The allegations contained in Paragraph 10 of the Second Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny the allegations contained in Paragraph 10 of the Second Amended Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of the Second Amended Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Second Amended Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Second Amended Complaint.

## JURISDICTION AND VENUE

14.     Without waiving any defenses, restrictions, limitations or immunities, answering defendants admit that this Court has jurisdiction over this matter as Plaintiff asserts a federal claim. Answering defendants deny the remaining allegations of paragraph 14 of Plaintiff's Second Amended Complaint.

15.     Without waiving any defenses, restrictions, limitations or immunities, answering defendants admit that this Court has venue over this matter. Answering defendants deny the remaining allegations of paragraph 15 of Plaintiff's Second Amended Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Second Amended Complaint.

## PRELUDE

17.     The allegations contained in Paragraph 17 of the Second Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny the allegations contained in Paragraph 17 of the Second Amended Complaint, including subparagraphs (A) – (Q).

18.     Defendants admits that Mayor Lumumba issued an Executive Order for the Jackson Police Department on June 19, 2020, and would state that Executive Order and other relevant orders related thereto speak for themselves. Answering defendants deny the remaining allegations of paragraph 18 of Plaintiff's Second Amended Complaint, including subparagraphs (A)-(D), as stated.

19.     Defendants deny the allegations contained in Paragraph 19 of the Second Amended Complaint.

20.     The allegations contained in Paragraph 20 of the Second Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny said allegations.

21.     The allegations contained in Paragraph 21 of the Second Amended Complaint do

not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny said allegations.

22.    The allegations contained in Paragraph 22 of the Second Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny said allegations.

23.    The allegations contained in Paragraph 23 of the Second Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny said allegations.

24.    The allegations contained in Paragraph 24 of the Second Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny said allegations.

25.    The allegations contained in Paragraph 25 of the Second Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny said allegations.

26.    The allegations contained in Paragraph 26 of the Second Amended Complaint do not appear to be directed to the Defendants, however, if a response is required by the Defendants, the Defendants deny said allegations.

## <u>GENERAL FACTS</u>

27.    Defendants deny the allegations in Paragraph 27 of the Second Amended Complaint.

28.    Defendants deny the allegations contained in Paragraph 28 of the Second Amended Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Second Amended Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Second Amended Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Second Amended Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Second Amended Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Second Amended Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Second Amended Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Second Amended Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Second Amended Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Second Amended Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Second Amended Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Second Amended Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Second Amended Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Second Amended Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Second Amended Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Second Amended Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Second Amended Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Second Amended Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Second Amended Complaint.

47.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 47 of Plaintiff's Amended Complaint and as such, deny the same.

## CAUSES OF ACTIONS

### COUNT I
(42 U.S. C. § 1983)

15

FIRST AND FOURTEENTH AMENDMENTS
RETAILIATORY DETENTION AND ARREST
OFFICER JEREMY JEFFERSON, OFFICER JANE DOE,
OFFICER QUADARIUS DRAINE, & DOES 1 – 25

48. Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-47 as if the same were specifically set out herein.

49. The allegations of paragraph 49 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 49 of Plaintiff's Second Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Second Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Second Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Second Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Second Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Second Amended Complaint.

## COUNT II
(42 U. S. C. § 1983)
### UNLAWFUL SEARCH AND SEIZURE, UNLAWFUL ARREST WITHOUT PROBABLE CAUSE OR DUE PROCESS OF LAW, & CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF FOURTH, FIFTH, EIGHTH, & FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION DEFENDANTS: CHIEF DAVIS, OFFICER JEREMY JEFFERSON, OFFICER JANE DOE, OFFICER QUADARIUS DRAINE, & JOHN/JANE DOES 1-25

55.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-54 as if the same were specifically set out herein.

56.    Defendants deny the allegations contained in Paragraph 56 of the Second Amended Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of the Second Amended Complaint.

58.    Defendants deny the allegations contained in Paragraph 58 of the Second Amended Complaint.

59.    Defendants deny the allegations contained in Paragraph 59 of the Second Amended Complaint.

60.    Defendants deny the allegations contained in Paragraph 60 of the Second Amended Complaint.

**COUNT III**
(42 U.S. C. § 1983)
FALSE ARREST/FALSE IMPRISONMENT
IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH, FIFTH,
& FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
DEFENDANTS: CHIEF DAVIS, OFFICER JEREMY JEFFERSON,
OFFICER QUADARIUS DRAINE, & JOHN/JANE DOES 1-25

61.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-60 as if the same were specifically set out herein.

62.     Defendants deny the allegations contained in Paragraph 62 of the Second Amended Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Second Amended Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Second Amended Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Second Amended Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Second Amended Complaint.

## COUNT IV
### (42 U.S. C. § 1983)
UNLAWFUL DETENTION IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED
BY THE FOURTH, FIFTH, EIGHTH, & FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION
DEFENDANTS: CHIEF DAVIS, OFFICER JEREMY JEFFERSON, OFFICER
JANE DOE, OFFICER QUADARIUS DRAINE, & JOHN/JANE DOES 1-25

67.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-66 as if the same were specifically set out herein.

68.     Defendants deny the allegations contained in Paragraph 68 of the Second Amended Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Second Amended Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Second Amended Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Second Amended Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Second Amended Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Second Amended Complaint.

74.     The allegations of paragraph 74 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is

deemed necessary, answering defendants deny the allegations of paragraph 74 of Plaintiff's Second Amended Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of the Second Amended Complaint.

76.    Defendants deny the allegations contained in Paragraph 76 of the Second Amended Complaint.

**COUNT V**
(42 U.S. C. § 1983)
EXCESSIVE FORCE, UNREASONABLE SEARCH AND SEIZURE,
& CRUEL AND UNUSUAL PUNISHMENT
IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH, FIFTH,
EIGHTH, & FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
DEFENDANTS: OFFICER JEREMY JEFFERSON,
OFFICER QUADARIUS DRAINE, OFFICER
JANE DOE, & JOHN/JANE DOES 1-25, SHERIFF TYREE JONES & HINDS
COUNTY, MISSISSIPPI

77.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-76 as if the same were specifically set out herein.

78.    Defendants admit the statement of law contained in Paragraph 78 of the Second Amended Complaint.

79.    Defendants deny the allegations contained in Paragraph 79 of the Second Amended Complaint.

80.    Defendants deny the allegations contained in Paragraph 80 of the Second Amended Complaint.

81.    The allegations of paragraph 81 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is

deemed necessary, answering defendants deny the allegations of paragraph 81 of Plaintiff's Second Amended Complaint.

## COUNT VI
(42 U.S. C. § 1983)
DUE PROCESS AND EQUAL PROTECTION
IN VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH, FIFTH,
EIGHTH, & FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION
DEFENDANTS: CHIEF DAVIS, OFFICER JEREMY JEFFERSON,
OFFICER QUADARIUS DRAINE, & OFFICERS JOHN/JANE DOES 1-25

82.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-81 as if the same were specifically set out herein.

83.     Defendants deny the allegations contained in Paragraph 83 of the Second Amended Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Second Amended Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Second Amended Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Second Amended Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Second Amended Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Second Amended Complaint.

<u>**COUNT VII**</u>
(42 U.S. C. § 1983)
MUNICIPAL LIABILITY, FAILURE TO TRAIN, CONSPIRACY TO INTERFERE WITH
CIVIL RIGHTS, & CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF
PLAINTIFF'S RIGHTS SECURED BY THE FOURTH,
FIFTH, EIGHTH, & FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION DEFENDANTS: CITY OF JACKSON, JACKSON POLICE
DEPARTMENT, CHIEF DAVIS, OFFICER JEREMY JEFFERSON, OFFICER QUADARIUS
DRAINE, OFFICER JANE DOE, & OFFICERS JOHN/JANE DOES 1-25

89.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-89 as if the same were specifically set out herein.

90.    Defendants deny the allegations contained in Paragraph 90 of the Second Amended Complaint.

91.    Defendants deny the allegations contained in Paragraph 91 of the Second Amended Complaint.

92.    Defendants deny the allegations contained in Paragraph 92 of the Second Amended Complaint.

93.    Defendants deny the allegations contained in Paragraph 93 of the Second Amended Complaint.

94.    Defendants deny the allegations contained in Paragraph 94 of the Second Amended Complaint.

95.    Defendants deny the allegations contained in Paragraph 95 of the Second Amended Complaint.

96.      Defendants deny the allegations contained in Paragraph 96 of the Second Amended Complaint.

97.      Defendants deny the allegations contained in Paragraph 97 of the Second Amended Complaint.

98.      Defendants deny the allegations contained in Paragraph 98 of the Second Amended Complaint.

99.      Defendants deny the allegations contained in Paragraph 99 of the Second Amended Complaint.

100.     Defendants deny the allegations contained in Paragraph 100 of the Second Amended Complaint.

101.     Defendants deny the allegations contained in Paragraph 101 of the Second Amended Complaint.

102.     Defendants deny the allegations contained in Paragraph 102 of the Second Amended Complaint.

103.     Defendants deny the allegations contained in Paragraph 103 of the Second Amended Complaint.

104.     Defendants deny the allegations contained in Paragraph 104 of the Second Amended Complaint.

105.     Defendants deny the allegations contained in Paragraph 105 of the Second Amended Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Second Amended Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Second Amended Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Second Amended Complaint.

109.    Defendants deny the allegations contained in Paragraph 109 of the Second Amended Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Second Amended Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Second Amended Complaint.

**COUNT VIII**
(42 U.S. C. § 1985) (2), (3)
(42 U.S. C. § 1986)
CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS, FAILURE TO INTERVENE, & CRUEL AND UNUSUAL PUNIMENT IN VIOLATION OF PLAINTIFF'S RIGHTS SECUREDBY THE FOURTH, FIFTH, EIGHTH, & FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION DEFENDANTS: CITY OF JACKSON, MISSISSIPPI, JACKSON POLICE DEPARMENT, CHIEF DAVIS, OFFICER JEREMY JEFFERSON, OFFICER QUADARIUS DRAINE, OFFICER JANE DOE, & OFFICERS JOHN/JANE DOES 1-25, SHERIFF TYREE JONES, & HINDS COUNTY, MISSISSIPPI

112.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-111 as if the same were specifically set out herein.

113.    Defendants deny the allegations contained in Paragraph 113 of the Second Amended Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Second Amended Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the Second Amended Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Second Amended Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Second Amended Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of the Second Amended Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of the Second Amended Complaint.

120.    The allegations of paragraph 120 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 120 of Plaintiff's Second Amended Complaint.

121.    The allegations of paragraph 121 of Plaintiff's Second Amended Complaint do not concern answering defendants and, as such, a response is not necessary. To the extent a response is

deemed necessary, answering defendants deny the allegations of paragraph 121 of Plaintiff's Second

Amended Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Second Amended

Complaint.

**COUNT IX**
(42 U.S. C. § 1983)
MALICIOUS PROSECUTION & DENIAL OF TIMELY JUDICIAL DETERMINATION IN
VIOLATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH, FIFTH, EIGHTH, &
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
DEFENDANTS: CITY OF JACKSON, MISSISSIPPI, JACKSON POLICE DEPARMENT,
CHIEF DAVIS, OFFICER JEREMY JEFFERSON, OFFICER QUADARIUS DRAINE,
OFFICER JANE DOE, & OFFICERS JOHN/JANE DOES 1-25, SHERIFF TYREE JONES, &
HINDS COUNTY, MISSISSIPPI

123.    Answering defendants repeat and incorporate by reference each and every defense,

admission, and denial to paragraphs 1-122 as if the same were specifically set out herein.

124.    Defendants deny the allegations contained in Paragraph 124 of the Second Amended

Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the Second Amended

Complaint.

126.    Defendants deny the allegations contained in Paragraph 126 of the Second Amended

Complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of the Second Amended

Complaint.

128.    Defendants deny the allegations contained in Paragraph 128 of the Second Amended Complaint.

129.    Defendants deny the allegations contained in Paragraph 129 of the Second Amended Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of the Second Amended Complaint.

131.    Defendants deny the allegations contained in Paragraph 122 of the Second Amended Complaint.

## **COUNT X**
(42 U.S. C. § 1983)
PUNITIVE DAMAGES
DEFENDANTS: ALL DEFENDANTS

132.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-131 as if the same were specifically set out herein.

133.    Defendants deny the allegations contained in Paragraph 133 of the Second Amended Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Second Amended Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of the Second Amended Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of the Second Amended Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of the Second Amended Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of the Second Amended Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of the Second Amended Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of the Second Amended Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of the Second Amended Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of the Second Amended Complaint.

143.    Defendants deny the allegations contained in Paragraph 143 of the Second Amended Complaint.

## INJURIES & DAMAGES

144.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-143 as if the same were specifically set out herein.

145.    Defendants deny the allegations contained in Paragraph 145 of the Second Amended Complaint, including subparagraphs (A)-(M).

## PRAYER FOR RELIEF

As for the last unnumbered paragraph which commences "Wherefore, Plaintiff, Aquinta H. Palmer, respectfully requests . . .," answering defendants deny each and every allegation contained therein, including subparagraphs (A)-(F), and would affirmatively aver Plaintiff is not entitled to any recovery whatsoever.

AND NOW, having fully and completely answered the Second Amended Complaint Defendants request that they be dismissed and awarded their attorneys fees, costs, and all other appropriate relief.

Dated: April 11, 2024.

Respectfully submitted on behalf of City of Jackson, Mississippi, Chief James Davis, Officer Jeremy Jefferson, and Quadarius Draine in their official and individual capacities

By: /s/*Keyona Henry*
Keyona Henry, MSB #106246
Deputy City Attorney

**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Telephone: 601-960-1799
Facsimile: 601-960-1569
*Attorney for the City of Jackson*

**<u>CERTIFICATE OF SERVICE</u>**

I, Keyona Henry, one of the attorneys for the Defendants, do hereby certify that I have

served this day, a true and correct copy of the above and foregoing to all counsel of record.

So certified, this the 11th day of April, 2024.

By: /s/ Keyona Henry
Keyona Henry, MSB No. 106246
